UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THOMAS JEFFERSON CHILDRESS | CIVIL ACTION NO. 22-0231 |
| | SECTION P |
| VS. | |
| | JUDGE S. MAURICE HICKS, JR. |
| BOSSIER PARISH POLICE JURY, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Plaintiff Thomas Jefferson Childress, a former prisoner at Bossier Maximum Security Center who proceeds pro se and in forma pauperis, filed this proceeding on approximately January 24, 2022, under 42 U.S.C. § 1983. He names the following Defendants: Bossier Parish Police Jury, Judge Parker Self, Attorney Edward Mouton, Warden Rod Boyer, Assistant Warden Jason Porter, Assistant District Attorney Cecil Campbell, Assistant District Attorney Dale Montgomery, Attorney Ruby Lewis, Supervisor of Public Defenders Mike Miller, Bossier Parish, Sheriff Julian Whittington, Attorney Ryan Gatti, Jim Childress, Lake Childress, Perry Childress, Jack Wilson, Josh Sexton, Shelby Cage, Jill Sessions, Dr. Lococo, and "Head Nurse."

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

On October 5, 2022, the undersigned ordered Plaintiff to amend his Complaint, remedy

certain deficiencies, and provide specific information. [doc. # 25]. The undersigned cautioned that the Court may dismiss Plaintiff's lawsuit if he failed to comply. *Id.* Plaintiff's deadline to comply passed, and to date Plaintiff has not filed an amended pleading.

Accordingly, **IT IS RECOMMENDED** that Plaintiff Thomas Jefferson Childress's pleadings, [doc. #s 1, 4], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 6th day of December, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge